# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10575
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 5, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME ALVAR CARVAJAL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-165-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Jaime Alvar Carvajal appeals the district court's revocation of a previously imposed term of supervised release and imposition of a sentence of 12 months and one day of imprisonment. He asserts that his supervised release was revoked pursuant to 18 U.S.C. § 3583(g), which requires revocation and imposition of a term of imprisonment when the defendant is found to have committed specified types of violations of the terms

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10575

of supervised release, including the refusal to comply with drug testing.  He contends that, because § 3583(g) does not require a jury determination beyond a reasonable doubt, it is unconstitutional in view of the Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019).

Carvajal concedes that review is limited to plain error because he did not raise this issue in the district court.  *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).  To prevail on plain error review, he must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If Carvajal makes such a showing, we have the discretion to correct the error, but we should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citation omitted).

The opinion in *Haymond* addresses the constitutionality of § 3583(k), and the plurality opinion specifically states that it does not express any view on the constitutionality of other subsections of the statute, including § 3583(g).  *See Haymond*, 139 S. Ct. at 2382 n.7.  There currently is no caselaw from either the Supreme Court or this court extending *Haymond* to § 3583(g) revocations, so we conclude that there is no error that was plain.  *See United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015); *United States v. Escalante-Reyes*, 689 F.3d 415, 418 (5th Cir. 2012) (en banc).

As Carvajal has not demonstrated that the district court committed plain error, so that court's revocation of his supervised release and the term of imprisonment are AFFIRMED.